*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ZICARY LAMAR CARPENTER,

       Defendant-Appellant.

UNPUBLISHED
December 7, 2023

No. 364428
Genesee Circuit Court
LC No. 2017-042372-FC

Before: BOONSTRA, P.J., and BORRELLO and FEENEY, JJ.

PER CURIAM.

Defendant, Zicary Carpenter, returns to this Court appealing as of right his sentences following resentencing pursuant to this Court's opinion in defendant's previous appeal. *People v Alexander*, unpublished per curiam opinion of the Court of Appeals, issued March 11, 2021 (Docket Nos. 349053, 349055, 349056 & 349158).[1] For the reasons set forth in this opinion, we vacate defendant's sentences and remand for resentencing.

## I. BACKGROUND

As we stated in our previous opinion, defendant was convicted by a jury of first-degree home invasion, MCL 750.110a(2), conspiracy to commit first-degree home invasion, MCL 750.157a and MCL 750.110a(2), armed robbery, MCL 750.529, and three counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). *Alexander*, unpub op at 2. The convictions arose from a home invasion that defendant committed along with four others at the home of Albert and Janice Ballard. *Id*. at 3. During the home invasion, Albert was killed and Janice was physically assaulted. *Id*. Evidence was also introduced at trial that

---

[1] Defendant's prior appeal (Docket No. 349055) was consolidated with the appeals of his codefendants, Jordan Alexander (Docket No. 349053), Joshua Eubanks (Docket No. 349056), and Tyler Pagel (Docket No. 349158), with codefendant Alexander's appeal serving as the lead appeal. The instant appeal only involves defendant Carpenter. Accordingly, we will simply refer to Carpenter as "defendant" in this opinion.

defendant and his associates also committed a separate home invasion at the home of Austin Papkey earlier in the night. *Id.* The jury acquitted defendant of charges for felony-murder and assault with intent to rob while armed, as well as the felony-firearm counts associated with those offenses. *Id*. at 4.

At sentencing, the trial court determined that defendant's guidelines range was 84 to 140 months for both his home invasion and conspiracy convictions and that the guidelines range for his armed robbery conviction was 171 to 285 months. *Id*. at 33. However, the trial court sentenced defendant to prison terms of 158 to 240 months each for his home invasion and conspiracy convictions, 380 to 720 months for the armed robbery conviction, and two years for each felony-firearm conviction. *Id*. at 2, 33. "The court ordered the sentences for home invasion, conspiracy to commit home invasion, and armed robbery to be served 'consecutive with each other' and consecutive to the three felony-firearm sentences, which were to 'run concurrent with each other.' " *Id*. at 2.

On appeal, this Court affirmed defendant's convictions, but we remanded the matter "for further sentencing proceedings." *Id*. Noting that the trial court had indicated that its sentencing decision was impacted by the effect the murder had on Janice, this Court concluded that the trial court may have impermissibly considered acquitted conduct in fashioning defendant's sentence contrary to our Supreme Court's holding in *People v Beck*, 504 Mich 605, 609; 939 NW2d 213 (2019). *Id*. at 33. We remanded the matter for the trial court to revisit its sentence in light of *Beck* and to "make an appropriate record properly justifying its sentencing decisions regarding Carpenter in light of the holding in *Beck*, whether the court imposes the same sentence or determines that resentencing is warranted and resentences Carpenter." *Id*. We cautioned that "the trial court may not rely on acquitted conduct to justify a departure or the scoring of the guidelines." *Id*. at 34. Finally, we "order[ed] the trial court on remand to revisit its decision regarding the imposition of consecutive sentences for Carpenter's home invasion, conspiracy to commit home invasion, and armed robbery convictions 'so that the trial court can fully articulate its rationale for each consecutive sentence imposed.' " *Id*., quoting *People v Norfleet*, 317 Mich App 649, 666; 897 NW2d 195 (2016).

On remand, the trial court resentenced defendant. Defendant's recalculated guidelines ranges were 108 to 180 months for his armed robbery conviction and 78 to 130 months for his first-degree home invasion and conspiracy convictions. The trial court sentenced defendant to 160 to 240 months' imprisonment each for his home-invasion and conspiracy convictions and 200 to 600 months' imprisonment for his armed robbery conviction, with the armed robbery and conspiracy sentences to be served concurrently to each other and consecutive to the home-invasion sentence. Defendant was sentenced to two years' imprisonment for each of his felony-firearm convictions, with those sentences to be served concurrently to each other and consecutively to the other sentences.

This appeal followed.

## II. PROPORTIONALITY OF SENTENCE

On appeal, defendant first argues that he is entitled to resentencing because the trial court's sentences for his first-degree home invasion, conspiracy, and armed robbery convictions[2] were upward departures that violated the principle of proportionality, and the trial court did not adequately explain why its upward departures were reasonable. Defendant specifically argues that the trial court failed to provide any explanation for the extent of its departure or why the imposed sentence was more proportional than a sentence within the guidelines would have been.

## A. STANDARD OF REVIEW

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' "[3] *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017).

Although the Supreme Court held in *Lockridge* that the sentencing guidelines were no longer mandatory, a sentencing court must still consult and take into account the applicable guidelines range and the sentencing court must also "justify the sentence imposed in order to facilitate appellate review." *Lockridge*, 498 Mich at 391-392; see also *Steanhouse*, 500 Mich at 470. "A trial court abuses its discretion when it applies a minimum sentence that violates the principle of proportionality, which occurs when the trial court 'fail[s] to provide adequate reasons for the extent of the departure sentence imposed . . . .' " *People v Warner*, 339 Mich App 125, 153-154; 981 NW2d 733 (2021), quoting *Steanhouse*, 500 Mich at 476 (alteration and ellipsis in original). In *People v Abcumby-Blair*, 335 Mich App 210, 241; 966 NW2d 437 (2020), this Court explained:

> When reviewing a departure sentence for reasonableness, we examine whether the trial court adequately explained "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citation omitted). Factors to consider when determining "whether a departure sentence is more proportionate than a sentence within the guidelines range . . . include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the

---

[2] Defendant does not challenge his felony-firearm sentences.

[3] Although this case involves departure sentences, we note that our Supreme Court recently clarified that within-guidelines sentences are also to be reviewed for reasonableness on appellate review, applying a presumption of proportionality that the defendant has the burden of rebutting by demonstrating that the sentence is unreasonable or disproportionate. *People v Posey*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 162373) (opinion by BOLDEN, J.); slip op at 36; *id*. at ___ (CAVANAGH, J., concurring in part and concurring in the judgment); slip op at 1; *id*. at ___ (WELCH, J., concurring in part, dissenting in part, and concurring in the judgment); slip op at 1.

guidelines but given inadequate weight." *Id*. (citations omitted). [Ellipsis in original.]

## B. ANALYSIS

At defendant's resentencing, the trial court explained its sentencing decisions with respect to defendant's convictions for home invasion, conspiracy, and armed robbery as follows:

As it relates to what was con -- he was convicted on count -- it was charged as count three, the home invasion in the first degree, after the rulings today, the guideline minimum range on that is 78 to 130 for the minimum. I do find that that is disproportionate. And I take into account the following:

First, the mitigating factors, defendant's only -- his prior criminal convictions are a felony and these offenses occurred several years prior to this incident and he was sentenced under HYTA. The status was revoked and it's a public conviction.

He does, again, mitigating, he does have a GED. He was a high school graduate. Now, he has his GED. And no significant substance abuse history that I have ever been made aware of.

He does have a very supportive family, always has, throughout my involvement in this case. And he was just 21 years old at the time of this offense.

Aggravating factors that the Court takes into consideration: The seriousness of the crimes, and I'm talking only the crimes for which he was convicted.

The criminal activity of that evening, I find to be an aggravating favor, not just what he was convicted of, but the young man, Mr. Papkey, who was also victimized by the defendant and his co-defendants.

Balancing the mitigating factors with the aggrega -- aggravating factors, the Court gives significant consideration to the seriousness of the crimes he committed against the Ballards, the ones for which he was convicted, and his actions before.

The Court finds there is several factors regarding the home invasion, prior record variables that are unique to this case, not considered by the sentencing guidelines.

I don't think the variables take into account the significant impact that this crime had on the Ballard family and the residents of their neighborhood.

As it relates to Janice Ballard, the home that was invaded was destroyed, not just physically, but because of the brutality of what occurred in that home, for which Mr. Carpenter was convicted, she could never step foot in that house again. She had to sell it.

-4-

Neighbors had indicated in their letters that were sent at the time of sentencing that they had been trying to sell their homes. They were purchasing guns, purchasing guard dogs, weren't letting their children play outside.

Not only did Janice not feel safe in her home in any more [sic], neither did the neighbors. She sold her home and she moved.

She went from having no mortgage to having rent. I think the last I heard she has now moved out of state to live with another daughter.

So the, the house that she brought each of her three girls home from the hospital when they were born, raised them in, she never got to go back into because of the, the home invasion and the armed robbery that occurred there. The, the crimes for which you were convicted, sir.

The guideline minimum range again is 78 to 130 months. For the reasons I have stated, I'm going to exceed this, and he will be sentenced, a minimum of which will be 160 months, maximum is 240 months.

This is served consecutive to the felony firearm sentences, which have been satisfied. He has 1,225 days credit against his sentence.

The remaining sentences on counts five and nine will be consecutive to this for the following reasons: I have the discretion to impose a consecutive sentence.

*I'm not really concerned with what the standard is in Michigan* and what other judges do. I look at each case individually.

In looking at this case, and the facts of this case, during the -- my entire involvement with it, cause me to impose this consecutive sentence.

I have never been one that goes along with what everyone else is doing. I'm looking at this case and this case alone and the facts of this case and the facts of each of the defendants.

And, today, I'm looking at just Mr. Carpenter and the crimes for which he was convicted. His actions that night and early morning were egregious.

He participated in a series of horrible decisions that went from bad to worse. I'm not taking into consideration any of the conduct for which he was acquitted when I impose this sentence.

As it relates to count five, which is the conspiracy to commit home invasion in the first degree, guideline minimum range again is 78 to 130 months.

Again, on this count, I find it to be disproportionate. The same mitigating factors. His minimal criminal history.

No significant substance abuse history. His supportive family. And his age at the time this offense occurred.

But I also consider the aggravating factors, the seriousness of the crimes of which he was convicted. His actions, along with his co-defendants, to drive around that night and randomly victimize people. And the things that occurred at the Ballards' home for which he was convicted.

Taking all of that into consideration, I give significant consideration what happened when they entered the Ballards' home.

I find there is several factors regarding the conspiracy to commit home invasion that sentencing guidelines do not take into consideration.

And I will repeat these. The impact that this had on the Ballards' entire family, but mostly on Janice. The impact it had on the community at large in that neighborhood.

And that the guidelines do not take into account that group of young men decided to enter the home of an elderly couple, while they were sleeping, and commit horrific crimes.

Taking all of this into consideration, it will be the sentence of this Court he serve a minimum of 168 months,[4] a maximum of 240 months. And, when imposing this sentence, I am not considering any acquitted conduct.

As it relates to count nine, the armed robbery, the guideline minimum range is 108 to 130 on the minimum. I find it disproportionate.

In reaching this conclusion, the same mitigating factors. The minimal criminal history. No significant substance abuse history, of which I am aware. And the supportive family he has and his age at the tine [sic] the offense occurred.

But I do consider the aggravating factors regarding the seriousness of the crimes for which he was convicted. His actions, along with his co-defendants, victimizing people on the evening that this took place.

And, taking all of that into consideration, I give the most significant consideration of what happened when the defendant and his co-defendants entered into the Ballards' home.

---

[4] The parties agree that, as evidenced in the judgment of sentence, defendant's minimum sentence for this count was actually 160 months.

I find there is several factors regarding the armed robbery that the sentencing guidelines do not take into consideration.

The impact it had on their entire family, mostly Janice. The impact on the community and the neighbors of the Ballards.

And the guidelines do not take into account that, as a result of their actions, an entire community was impacted, causing them to respond by selling their homes, buying guns, guard dogs, keeping their kids inside, and living in fear.

Taking all of that into consideration, I sentence you to a minimum of 200 months, a maximum of 600 months. And this is served after the felony firearm and count three, the home invasion first degree. And it's concurrent with all other sentences.

And be advised that I am not considering any acquitted conduct when imposing this sentence.

So the counts nine and count five, concurrent to one another, consecutive to count three. (emphasis added).

In explaining its sentencing rationale, the trial court failed to address how the sentence it imposed—a significant upward departure—was more proportionate to the offense and the offender than a different sentence within the guidelines would have been. *Abcumby-Blair*, 335 Mich App at 241. Furthermore, in attempting to justify its sentence, the trial court also relied on the evidence that defendant participated in a separate home invasion earlier in the evening before the home invasion committed at the Ballards' residence. However, this additional criminal activity was expressly considered in assessing 10 points under Offense Variable (OV) 12 when calculating defendant's guidelines range. See MCL 777.42(1)(b) (stating that OV 12 is "contemporaneous felonious criminal acts" and that 10 points should be assessed when "[t]wo contemporaneous felonious criminal acts involving crimes against a person were committed"). The trial court did not explain how OV 12 inadequately accounted for this conduct. *Abcumby-Blair*, 335 Mich App at 241.

Moreover, we are unable to tell from the trial court's conclusory assertions why it reached the conclusion that defendant's guidelines ranges were disproportionate or why the upward departure was proportionate. Instead, it appears that the trial court judge felt in her personal subjective opinion that defendant deserved a harsher sentence; merely parroting the factors to consider and asserting that acquitted conduct was not considered is not, without more, a sufficient explanation to provide a basis for meaningful appellate review. In sentencing a convicted defendant and determining "whether a departure sentence is more proportionate than a sentence within the guidelines range," a "trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citations omitted).

We hold that the trial court must provide some reasoned connection between the length of the sentence imposed and the cited circumstances of the offense and offender; this Court may not substitute its own rationale or supplement the trial court's insufficient reasoning on appeal to make up for the trial court's failure to justify its imposed sentence. *Dixon-Bey*, 321 Mich App at 529 (stating that this Court "cannot supplement the trial court's reasoning when it failed to give an explanation" and that "if it is unclear why the trial court made a particular departure, an appellate court cannot substitute its own judgment about why the departure was justified.") (quotation marks and citation omitted). Here, the trial court abused its discretion by failing to provide an adequate explanation regarding the extent of its departure and the proportionality of defendant's sentences for first-degree home invasion, conspiracy, and armed robbery. *Warner*, 339 Mich App 125, 153-154.

## III. CONSECUTIVE SENTENCES

Next, defendant argues that the trial court failed to provide particularized reasons for imposing a consecutive sentence and seemingly imposed a consecutive sentence based solely on its discretion to do so.

## A. STANDARD OF REVIEW

"When a statute grants a trial court discretion to impose a consecutive sentence, that decision is reviewed for an abuse of discretion." *People v Baskerville*, 333 Mich App 276, 290; 963 NW2d 620 (2020). An abuse of discretion has occurred if "the trial court's decision was outside the range of reasonable and principled outcomes." *Norfleet*, 317 Mich App at 654.

## B. ANALYSIS

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *Baskerville*, 333 Mich App at 289 (quotation marks and citation omitted). Defendant does not dispute that the trial court had discretion to impose a consecutive sentence under MCL 750.110a(8), which provides that "[t]he court may order a term of imprisonment imposed for home invasion in the first degree to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." To allow for appellate review, a trial court is required to state on the record " 'particularized reasons' " for imposing a discretionary consecutive sentence. *Baskerville*, 333 Mich App at 290, quoting *Norfleet*, 317 Mich App at 666.

Here, the trial court stated regarding its imposition of a consecutive sentence:

> The remaining sentences on counts five and nine will be consecutive to this for the following reasons: *I have the discretion to impose a consecutive sentence*.
>
> *I'm not really concerned with what the standard is in Michigan* and what other judges do. I look at each case individually.
>
> In looking at this case, and the facts of this case, during the -- my entire involvement with it, cause me to impose this consecutive sentence.

I have never been one that goes along with what everyone else is doing. I'm looking at this case and this case alone and the facts of this case and the facts of each of the defendants. [Emphasis added.]

When a statute grants the discretion to impose a consecutive sentence, exercise of that discretion " 'is a matter of degree, not an all or nothing proposition.' " *Norfleet*, 317 Mich App at 665, quoting *Milbourn*, 435 Mich at 664. "Michigan has a clear preference for concurrent sentencing and . . . the [i]mposition of a consecutive sentence is strong medicine." *Norfleet*, 317 Mich App at 665 (quotation marks and citation omitted; alteration in original). As this Court has stated, "we believe that requiring trial courts to justify each consecutive sentence imposed will help ensure that the 'strong medicine' of consecutive sentences is reserved for those situations in which so drastic a deviation from the norm is justified." *Id*.

With respect to the instant case, although the trial court had the discretion to impose a consecutive sentence pursuant to MCL 750.110a(8), the "purpose of discretionary sentencing was not to accommodate subjective, philosophical differences among judges." *Milbourn*, 435 Mich 630, 652-653. Contrary to the apparent belief of the trial court, it is not free to apply its own subjective, personal version of sentencing untethered from Michigan law. As our Supreme Court has aptly explained:

> While a measure of subjectivity in judicial decisions is unavoidable due to the differing personal backgrounds, experiences, and viewpoints of different members of the bench, a standard which is itself "one of complete subjectivity" has no more place on the appellate bench than in the trial court. A rule which contains no directives to the judges who must apply it—other than to encourage the rendering of decisions in accordance with personal value judgments—is a "rule" only in the weakest sense. [*Id*. at 645.]

Accordingly, the trial court abused its discretion by imposing a consecutive sentence based, essentially, on its own personal value judgments. *Id*.; *Norfleet*, 317 Mich App at 654.

IV. CONCLUSION

Here, the trial court lost sight of its proper role in sentencing defendant. Accordingly, we vacate defendant's sentences for first-degree home invasion, conspiracy to commit first-degree home invasion, and armed robbery, and we remand this matter for resentencing

On remand, the trial court will have a third opportunity to sentence defendant. The trial court's comments in announcing its sentence compel us to remind the trial court "[o]ne of the purposes of the proportionality requirement is to minimize idiosyncrasies." *Dixon-Bey*, 321 Mich App at 524 (quotation marks and citation omitted; alteration in original). "[J]udicial sentencing discretion should be exercised, within the legislatively prescribed range, according to the same principle of proportionality that guides the Legislature in its allocation of punishment over the full spectrum of criminal behavior," and "a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing." *Milbourn*, 435 Mich at 651. By way of further illustration to the trial court on remand, we remind

-9-

the trial court that: "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness. [T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." In *Steanhouse [II]*, the Michigan Supreme Court clarified that "the relevant question for appellate courts reviewing a sentence for reasonableness" is "whether the trial court abused its discretion by violating the principle of proportionality[.]" The principle of proportionality is one in which "a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender." Under this principle, " 'the key test is whether the sentence is proportionate to the seriousness of the matter,[5] not whether it departs from or adheres to the guidelines' recommended range.' " [*Dixon-Bey*, 321 Mich App at 521 (citations omitted).] Thus, this Court continued in *Dixon-Bey*:

> Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a "useful tool" or "guideposts" for effectively combating disparity in sentencing. Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight. [*Id.* at 524-525 (citations omitted).]

"Other factors listed by this Court in *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015) [ (*Steanhouse I* ) ], rev'd in part on other grounds by [*Steanhouse II*, 500 Mich 453], include 'the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *Dixon-Bey*, 321 Mich App at 525 n 9 (citations omitted).

Finally, "[w]hen making this determination and sentencing a defendant, a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence [i.e., one within the guidelines,] would have been." *Id.* at 525 (quotation marks and citations omitted). "However, this is not to say that the trial court must explain why it chose a twelve-month departure as opposed to an eleven-month departure (or indeed as opposed to any one of countless other potential departures). Rather, the trial court must simply explain why the actual departure that it imposed is justified." *People v Babcock*, 469 Mich 247, 260 n14; 666 NW2d 231 (2003); see also *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008). Further, when making such an articulation, "the trial court is not required to use any formulaic or 'magic' words in doing so." *Babcock*, 469 Mich at 259, however the trial court must make a record of objective, verifiable factors rather than use its own subjective intent. Merely saying a sentence

---

[5] No one questions the devastation that defendant exacted on Janice and her family, but the trial court must make findings that enable us to review whether the final sentence is proportionate to these offenses.

within the guidelines is "disproportionate" without further explanation does not permit appellate review or explain why a sentence that significantly departs upward is proportionate.

Vacated and remanded for resentencing.  We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kathleen A. Feeney